**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAYNE JAY NORTON,

    Plaintiff,

v.                                            CASE NO. 8:07-CV-394-T-30EAJ

THE HONORABLE HARRY LEE ANSTEAD,
et al.,

    Defendants.
_____/

## O R D E R

Plaintiff, a State of Florida inmate proceeding *pro se*, has filed a Petition for Writ of Certiorari raising a question regarding the interpretation of the Fourteenth Amendment Due Process Clause (Dkt. 1) and a request to proceed *in forma pauperis* (Dkt. 2). Having undertaken a preliminary review of the complaint pursuant to 28 U.S.C. §1915A, the Court concludes that this matter is subject to summary dismissal without service on the Defendants.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. §1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g) (2006).

The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to

state a claim upon which relief may be granted: 8:00-CV-116-T-24A; 8:00-CV-1819-T-17F; 8:00-CV-1205-T-27A; 8:05-CV-1431-T-23MSS; 8:05-CV-2176-T-24EAJ; 8:06-CV-1332-T-30MAP; 8:06-CV-1348-T-26MAP. The Court also takes judicial notice of other filings instituted by Plaintiff in the Middle District of Florida that were dismissed under the "three strikes" provisions of §1915(g): 8:06-CV-2059-T-26MAP; 3:06-CV-22-J-25MHH.; 3:06-CV-63-J-32MMH; 3:03-CV-87-J-20MMH.

Because Plaintiff has had three or more prior dismissals while incarcerated that were dismissed as an abuse of the judicial process and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice pursuant to 28 U.S.C. §1915(g). Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.[1]

ACCORDINGLY, the Court **ORDERS** that:

1. The request to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2. The Petition for Writ of Certiorari is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(g).

3. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh
Copy furnished to:
*Pro se* Plaintiff

---

[1] *See Dupree v. Palmer*, 284 F. 3d 1234, 1236 (11th Cir. 2002); *accord Simmons v. Zloch*, 148 Fed. Appx. 921 (11th Cir. 2005).